IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATIONAL CREDIT UNION )
ADMINISTRATION BOARD, )
 )
        Plaintiff, )
 )
  v. ) Case No. 13-2418-JWL
 )
MORGAN STANLEY & CO., )
INCORPORATED; )
MORGAN STANLEY ABS CAPITAL I INC.; )
MORGAN STANLEY CAPITAL I INC.; and )
SAXON ASSET SECURITIES COMPANY, )
 )
        Defendants. )
 )
_____)

# MEMORANDUM AND ORDER

This matter is presently before the Court on defendants' motion to dismiss (Doc. # 19). The Court concludes that certain of plaintiff's claims are time-barred. Accordingly, the motion is **granted in part and denied in part**, as set forth more specifically herein.

## I. Background

Plaintiff National Credit Union Administration Board brings this suit as conservator and liquidating agent of U.S. Central Federal Credit Union ("U.S. Central") and Western Corporate Federal Credit Union ("WesCorp"). The suit relates to 21

different residential mortgage-backed securities ("RMBS" or "certificates"), each purchased by one of the credit unions between December 2004 and June 2007. By the present suit, filed on August 16, 2013, plaintiff brings claims under the federal Securities Act of 1933 and under California and Kansas statutes, based on alleged untrue statements or omissions of material facts relating to each RMBS. Defendant Morgan Stanley & Co., Incorporated was the underwriter or seller for the certificates, while the other three defendants issued the certificates. Defendants have moved to dismiss all claims.

Plaintiff brought eight other similar suits, involving different certificates, in this district, which cases were re-assigned to the undersigned judge. In one of those actions, Case No. 12-2648, by Memorandum and Order dated April 8, 2013, the Court granted in part and denied in part the motion to dismiss filed by the Credit Suisse defendants ("Credit Suisse"). *See National Credit Union Admin. Bd. v. Credit Suisse Sec. (USA) LLC*, 939 F. Supp. 2d 1113 (D. Kan. 2013) ("*Credit Suisse*"). In that opinion, the Court held as follows: (1) Credit Suisse did not show that the Court lacked venue over plaintiff's claims asserted on behalf of certain credit unions; (2) plaintiff's claims were not untimely as a matter of law with respect to the applicable one- and two-year discovery limitations periods; (3) the so-called Extender Statute, 12 U.S.C. § 1787(b)(14), which provides the limitations period for claims brought by plaintiff as conservator or liquidator, applies to federal and statutory claims; (4) the Extender Statute displaces both limitations periods in the otherwise-applicable federal (Section 13, 15

2

U.S.C. § 77m) and state statutes; (5) plaintiff's three-year limitations period under the Extender Statute was triggered by plaintiff's appointment as conservator for a credit union, not by its later appointment as liquidator; (6) the Extender Statute's three-year limitations period may not be extended by a tolling agreement; (7) plaintiff's assertion of *American Pipe* tolling with respect to its federal claims based on some certificates did not fail as a matter of law at this stage; and (8) plaintiff's substantive allegations were sufficient to state plausible and cognizable claims against Credit Suisse.

In some of its rulings in *Credit Suisse*, the Court followed the reasoning of Judge Rogers in ruling on a motion to dismiss in another of these nine similar cases (before the case was reassigned). *See id.* (citing *National Credit Union Admin. Bd. v. RBS Sec., Inc.*, 900 F. Supp. 2d 1222 (D. Kan. 2012) ("*RBS*")). On August 27, 2013, in an interlocutory appeal in *RBS*, the Tenth Circuit affirmed Judge Rogers with respect to two of the issues listed above, holding that the Extender Statute does apply to federal and statutory claims and does displace Section 13's three-year limitations period. *See National Credit Union Admin. Bd. v. Nomura Home Equity Loan, Inc.*, 727 F.3d 1246 (10th Cir. 2013), *petition for cert. filed*, 82 U.S.L.W. 3307 (U.S. Nov. 8, 2013).

After issuing its opinion in *Credit Suisse*, the Court invited the parties in the other seven similar cases (this case had not yet been filed) to submit briefs addressing (a) the application of the Court's rulings in *Credit Suisse* to the motions to dismiss filed by the defendants in those cases and (b) the specific issue of the enforceability of plaintiff's tolling agreements. The Court subsequently reaffirmed its ruling in *Credit Suisse* that

3

the tolling agreements are not enforceable, and it ruled on motions to dismiss filed in each of those seven cases. The Court dismissed one of those actions in its entirety, *see* Memorandum and Order of July 10, 2013, *National Credit Union Admin. Bd. v. Barclays Capital Inc.*, Case No. 12-2631, and that case is presently on appeal to the Tenth Circuit.

**II.     Timeliness of Claims**

   *A.     Initial Application of* Credit Suisse *and* Nomura

Defendants argue that plaintiffs' claims are untimely. Like their counterparts in the similar cases, defendants argue that the Extender Statute does not displace the otherwise-applicable federal and state limitations period and that the Extender Statute does not apply to federal and statutory claims. As noted above, however, those arguments have been rejected by this Court (in *RBS* and *Credit Suisse*) and by the Tenth Circuit (in *Nomura*, on interlocutory appeal in *RBS*).

Defendants also argue that plaintiff's claims were already time-barred, pursuant to the one-year federal and two-year state discovery limitations periods, at the time that plaintiff was appointed conservator and the Extender Statute was triggered. The Court also rejected that argument in *RBS* and *Credit Suisse*. Defendants argue that the Court has not yet considered that argument in the specific context of these certificates. Nevertheless, for the same reasons stated in the other similar cases, the Court cannot conclude at this stage as a matter of law that plaintiff's claims became time-barred under the discovery rule.

4

In the alternative, defendants seek dismissal of plaintiff's claims as time-barred pursuant to the three-year limitations period imposed by the Extender Statute. Absent some form of tolling, plaintiff was required to file those claims by March 20, 2012, three years after its appointment as conservator for those credit unions, but plaintiff did not initiate this action until August 16, 2013. Nor may plaintiff rely on the Extender Statute's alternative reference to the applicable state-law limitations periods, as this case was filed more than five years (the applicable repose period for both states) after the purchases of these certificates.

Plaintiff notes that it entered into a tolling agreement with these defendants, but the Court, in *Credit Suisse*, reaffirmed its ruling that plaintiff may not rely on such an agreement to avoid application of the Extender Statute's limitations period, and that ruling will also be applied in the present case. Thus, with respect to certificates for which plaintiff has not asserted some other form of tolling, plaintiff's federal and state claims on behalf of U.S. Central and WesCorp would be time-barred and subject to dismissal. Based on plaintiff's complaint and the parties' briefs, such claims include those based on the following certificates:

| CUSIP | Purchaser | Issuing Entity |
|---|---|---|
| 45071KCP7 | WesCorp | Ixis Real Estate Capital Trust 2005-HE4 |
| 61750MAF2 | U.S. Central | Morgan Stanley ABS Capital I Inc. Trust 2006-HE7 |
| 61750SAF9 | U.S. Central | Morgan Stanley ABS Capital I Inc. Trust 2006-HE8 |
| 61749BAE3 | U.S. Central | Morgan Stanley ABS Capital I Inc. Trust 2006-NC5 |
| 61748HGT2 | WesCorp | Morgan Stanley Mortgage Loan Trust 2004-11AR |
| 80556AAD9 | U.S. Central | Saxon Asset Securities Trust 2006-3 |
| 026935AD8 | WesCorp | American Home Mortgage Assets Trust 2007-3 |
| 669884AD0 | U.S. Central | NovaStar Mortgage Funding Trust, Series 2006-1 |
| 669884AE8 | U.S. Central | NovaStar Mortgage Funding Trust, Series 2006-1 |
| 749228AM4 | U.S. Central | RALI Series 2006-QS4 Trust (8/10/06) |
| 749228AM4 | U.S. Central | RALI Series 2006-QS4 Trust (9/15/06) |
| 81744HAD5 | U.S. Central | Sequoia Mortgage Trust 2007-1 |
| 81744HAE3 | U.S. Central | Sequoia Mortgage Trust 2007-1 |

Plaintiff has not disputed that, assuming the Court reaffirms and applies its prior rulings, those claims would be subject to dismissal. Accordingly, defendants' motion is granted with respect to those claims based on the listed certificates, which claims are hereby dismissed.

> B. *Claims for Which* American Pipe *Tolling Has Been Asserted*

1. In its complaint, plaintiff asserts *American Pipe* tolling for its claims based on eight certificates. With respect to its claims relating to six of those certificates, however, plaintiff does not dispute that the possible amount of such tolling is not sufficient to cover the nearly seventeen months that passed between the expiration of the Extender Statute and the filing of this suit. Such claims include those based on the following certificates:

| CUSIP | Purchaser | Issuing Entity |
|---|---|---|
| 61751TAE9 | WesCorp | Morgan Stanley Mortgage Loan Trust 2007-2AX |
| 61751GAE7 | WesCorp | Morgan Stanley Mortgage Loan Trust 2007-5AX |
| 45661HBD8 | WesCorp | IndyMac INDX Mortgage Loan Trust 2006-AR25 |
| 75114TAG6 | U.S. Central | RALI Series 2006-QS5 Trust |
| 75115EAB9 | U.S. Central | RALI Series 2006-QS11 Trust (9/8/06) |
| 75115EAB9 | U.S. Central | RALI Series 2006-QS11 Trust (11/29/06) |

Accordingly, those claims are time-barred, and defendants' motion is granted with respect to those claims based on the listed certificates, which claims are hereby dismissed.

2. These rulings leave only plaintiff's claims based on two certificates: a federal claim based on Alternative Loan Trust 2006-28CB ("the 28CB certificate"), and federal and California claims based on Morgan Stanley Mortgage Loan Trust 2006-13ARX ("the 13ARX certificate"). In a footnote, defendants incorporate their counterparts' argument in the similar suits that plaintiff may not use *American Pipe* tolling here because the named plaintiffs in the particular class actions lacked standing. The Court has already rejected that argument, *see* Memorandum and Order of Sept. 3, 2013, *NCUAB v. Bear Stearns & Co., Inc. ("Bear Stearns")*, Case No. 12-2781, and because defendants do not attempt to distinguish that ruling, the Court will apply the ruling in this case as well.

3. Defendants also argue that *American Pipe* tolling should not apply to the Extender Statute. The Court rejected that argument in *Bear Stearns*. In this case, however, defendants make the additional argument (not raised in *Bear Stearns*) that the

7

purpose of *American Pipe* tolling—to avoid a multiplicity of suits—would not be furthered in this case because plaintiff has a duty to pursue claims held by the credit unions for which it acts as conservator.

The Court rejects this argument. Defendants have not cited any authority to support denying *American Pipe* tolling to a governmental agency acting on behalf of other parties. Defendants cite only *In re Urethane Antitrust Litigation*, 663 F. Supp. 2d 1067 (D. Kan. 2009), in which this Court, in declining to apply *American Pipe* tolling, noted that the purpose of such tolling would not be served in that case. *See id.* at 1082-83. In that case, however, the Court was deciding whether courts in the State of Indiana would import *American Pipe*-type tolling into its state limitations law in a cross-jurisdictional context, and in deciding that Indiana would not adopt a minority position, the Court noted that the doctrine's rationale in favor of efficiency would not be served in that case. *See id.* In the present case, federal law supplies the limitations period, and application of the federal doctrine of *American Pipe* tolling is therefore appropriate. The Supreme Court has not limited that doctrine in the manner urged by defendants, nor has any other court identified by defendants. Thus, the Court also declines to prohibit plaintiff from using the doctrine.

Moreover, defendants have not shown that the purpose of avoiding a multiplicity of actions could not be served in the context of a claim asserted by plaintiff on behalf of a credit union. Defendants cite to 12 C.F.R. § 702.204(c)(4), which states that plaintiff "may not delegate its authority under paragraph (c) of this section." Defendants argue

8

that that language prohibits plaintiff from delegating its authority to bring claims on behalf of credit unions, for instance by participating in a class action as a mere class member. The cited regulation, however, does not prohibit plaintiff from delegating any authority it has, only its authority under 12 C.F.R. § 702.204(c), and that paragraph relates only to the requirement that plaintiff assume conservatorship over and liquidate credit unions. Thus, defendants have not provided any authority, either by regulation or by caselaw, supporting the argument that plaintiff may not participate in a class action as a class member.

4. Defendants argue that plaintiff's claim based on the 28CB certificate is time-barred because plaintiff may not base *American Pipe* tolling on a class action filed in state court. Defendants argue that such tolling should only be triggered by class actions in federal court.

The Seventh Circuit rejected such an argument in *Sawyer v. Atlas Heating and Sheet Metal Works, Inc.*, 642 F.3d 560 (7th Cir. 2011). The court permitted such "cross-jurisdictional tolling" on the basis that the plaintiff's "reliance interests were the same as if the first suit had been filed in federal court." *See id.* at 562. In *FDIC v. Countrywide Financial Corp.*, 2012 WL 5900973 (C.D. Cal. Nov. 21, 2012), however, the court declined to follow *Sawyer*. *See id.* at *12-14; *see also In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 934 F. Supp. 2d 1219, 1230-34 (C.D. Cal. 2013) (reaffirming decision in *FDIC v. Countrywide*). In *Countrywide*, the court noted that federal courts have limited power, and it concluded that *American Pipe* tolling was a

9

form of legal tolling derived from Fed. R. Civ. P. 23. *See* 2002 WL 5900973, at *13 (citing, *inter alia*, *Joseph v. Wiles*, 223 F.3d 1155, 1166-68 (10th Cir. 2000)). That conclusion was significant to the court because state-court class actions need not meet the requirements of federal Rule 23, and a state's procedural rules cannot alter federal statutes of limitations. *See id.* The court noted that one justification for *American Pipe* tolling was that the class action will provide the defendant with the essential information necessary to appreciate prospective litigation; that justification may not be met in the case of a state-court class action, however, because the state's procedural rules may not require the disclosure of as much essential information as is required in federal court. *See id.* As an example, the court noted that the pleading and certification requirements of the federal PSLRA would not apply in a state-court class action. *See id.* at * 14. Finally, the court noted that only a small minority of jurisdictions allow for cross-jurisdictional tolling, and that the reason for most courts' rejection of such tolling would apply in this context as well, as the federal government has no interest in furthering the efficiency of class action procedures of state courts. *See id.* (citing *Wade v. Danek Med., Inc.*, 182 F.3d 281, 287 (4th Cir. 1999)).

The Court finds the reasoning of the *Countrywide* court to be persuasive. The Court has previously refused to import cross-jurisdictional tolling into a state's limitations law. *See Urethane*, 663 F. Supp. 2d 1067, 1082-83 (D. Kan. 2009) (Lungstrum, J.) (citing *Wade* in noting that only a small minority of jurisdictions have adopted cross-jurisdictional tolling). Similarly in this case, the Court will follow the

10

majority rule and thus will not import cross-jurisdictional tolling into federal limitations law in the absence of controlling authority permitting such tolling. Accordingly, the Court concludes that *American Pipe* tolling is limited to prior class actions in federal court. Because plaintiff's claim relating to the 28CB certificate is based on tolling from a state-court class action (which was successfully removed to federal court only after expiration of the Extender Statute), that claim is time-barred and is hereby dismissed.

5. Finally, defendants seek dismissal of plaintiff's claim under California law based on the 13-ARX certificate. Defendants argue that plaintiff is not entitled to *American Pipe* tolling to save that claim because the class actions on which plaintiff relies for sufficient tolling did not include claims under California law. Defendants argue that *American Pipe* tolling requires that the prior and present actions involve identical claims.[1]

Courts have split on this issue of whether identical claims are required. Plaintiff cites to *Tosti v. City of Los Angeles*, 754 F.2d 1485 (9th Cir. 1985), in which the Ninth Circuit rejected a rule requiring an identity of claims. *See id.* at 1489. The court stated that such a rule would be illogical because "one of the primary reasons a member will opt out of a class suit is that she has strong individual claims against the defendant that she believes will not be redressed by the overall class settlement." *See id.* The court further reasoned that because the suits involved the same allegations, the defendant had

---

[1] In *Bear Stearns*, the Court declined to resolve this issue, based on an absence of argument from the parties.

11

ample notice of the nature of the claim and thus had been alerted to make appropriate investigations. *See id.*

Similarly, in *Cullen v. Margiotta*, 811 F.2d 698 (2d Cir. 1987), the Second Circuit rejected an identity rule and held instead that "*American Pipe* tolling is properly extended to claims of absent class members that involve the same evidence, memories, and witnesses as were involved in the initial putative class action." *See id.* at 720. The court relied on the Supreme Court's statement in *American Pipe* that the purpose of a statute of limitations is to prevent stale suits, that is, suits after "evidence has been lost, memories have faded, and witnesses have disappeared." *See id.* (quoting *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974)). The court further reasoned: "Indeed, limiting *American Pipe* tolling to the identical 'causes of action' asserted in the initial class action would encourage and require absent class members to file protective motions to intervene and assert their new legal theories prior to class certification, thereby producing the very results the . . . courts seek to prevent by such tolling, i.e., court congestion, wasted paperwork and expense." *See id.* at 721 (internal quotation and citations omitted).

Defendants, on the other hand, rely on *In re Copper Antitrust Litig.*, 436 F.3d 782 (7th Cir. 2006). In that case, the Seventh Circuit refused to permit tolling of federal claims asserted in federal court based on a state class action involving state-law claims. *See id.* at 793-97. The court noted that *American Pipe* tolling's purpose in promoting efficiency would not be served because an additional suit was required in any event to

12

assert claims not asserted in the class action. *See id.* at 794. The court further stated that mere similarity between the claims asserted in the two actions would be a "murky standard for a matter as needful of certainty as the statute of limitations." *See id.* at 796. Finally, the court noted that, if such functional equivalence were sufficient, then such tolling should apply also in the event of joined actions, outside the class action context, which is not the case. *See id.*; *see also Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1283 (11th Cir. 2003) (no *American Pipe* tolling permitted because present wrongful death claim was not included in prior product liability class action); *Spann v. Community Bank of N. Va.*, 2004 WL 691785, at *5-7 (N.D. Ill. Mar. 30, 2004) (requiring identity of claims for *American Pipe* tolling).

The Court concludes that an identity of claims is required, and it thus resolves this issue in favor of defendants. In *Urethane*, this Court, in concluding that Indiana would not recognize cross-jurisdiction tolling under *American Pipe*, followed the reasoning of the Seventh Circuit in *Copper*, as follows:

> Finally, the Court notes that the rationale for the *American Pipe* tolling rule would not actually be served in the present case because the class action did not include the state law claims; class members wishing to assert such claims would need to file individual suits whether or not the state limitations periods were tolled, and therefore no added efficiency would be achieved by tolling.

*See Urethane*, 663 F. Supp. 2d at 1082-83 (citing *Copper*, 436 F.3d at 793-94). The Court is still persuaded that *American Pipe* tolling is not appropriate in this context because its purpose would not be served, as in the present case the state-law claims were

13

not asserted in the prior class actions.

Moreover, Supreme Court precedent suggests that an identity of claims is required for *American Pipe* tolling. In *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454 (1975), the Court held that the filing of an EEOC claim did not toll the statute of limitations for a Section 1981 claim. *See id.* As its final point, the Court rejected an argument based on *American Pipe* and another case, as follows:

> Finally, and perhaps most importantly, the tolling effect given to the timely prior filings in *American Pipe* and in *Burnett* depended heavily on the fact that those filing involved exactly the same cause of action subsequently asserted. This factor was more than a mere abstract or theoretical consideration because the prior filing in each case necessarily operated to avoid the evil against which the statute of limitations was designed to protect.

*See id.* at 467 (footnote omitted). The Court so ruled, despite the plaintiff's argument that the EEOC filing had the effect of placing the defendant on notice of a claim of discrimination and thus giving the defendant "the opportunity to protect itself against the loss of evidence, the disappearance and fading memories of witnesses, and the unfair surprise that could result from a sudden revival of a claim that long has been allowed to slumber." *See id.* at 467 n.14. In response to that argument, the Court stated that "[o]nly where there is complete identity of the causes of action will the protection suggested by petitioner necessarily exist and will the courts have an opportunity to assess the influence of the policy of repose inherent in a limitation period." *See id.* (citation omitted). Thus, although the plaintiff in *Johnson* did not seek tolling directly under *American Pipe*, the Supreme Court described *American Pipe* tolling as requiring an identity of causes of

14

action, while rejecting the same argument involving lost evidence and fading memories on which the Second Circuit relied in *Cullen*.

In light of that language by the Supreme Court and that fact that the purpose of *American Pipe* tolling would not be served in this case, the Court concludes that the Tenth Circuit would reject such tolling for plaintiff's state-law claim, which was not asserted in the prior class actions. Accordingly, plaintiff's claim under California law based on the 13-ARX certificate is time-barred, and that claim is hereby dismissed.

6. In summary, the Court concludes that all of plaintiff's claims are time-barred, with the exception of plaintiff's claim under federal law relating to one certificate, the 13-ARX certificate. That claim is asserted only against defendants Morgan Stanley & Co., Incorporated and Morgan Stanley Capital I Inc.; according, defendants Morgan Stanley ABS Capital I Inc. and Saxon Asset Securities Co. are dismissed from the case.

### III. Sufficiency of Allegations

Defendants also argue that plaintiff's allegations are not sufficient to state a claim with respect to the remaining certificate as a matter of law. The Court has previously ruled that similar allegations in the related cases were sufficient to state a claim, and the Court finds the allegations in this case to be sufficient as well, for the same reasons stated by this Court and by Judge Rogers in the related cases. Accordingly, the Court denies defendants' motion to dismiss on this basis.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to dismiss (Doc. # 19) is **granted in part and denied in part**. The motion is denied with respect to plaintiff's claim under federal law relating to one certificate (Morgan Stanley Mortgage Loan Trust 2006-13ARX). The motion is granted with respect to all other claims, which are hereby dismissed. Defendants Morgan Stanley ABS Capital I Inc. and Saxon Asset Securities Co. are dismissed from the case.

IT IS SO ORDERED.

Dated this 27th day of December, 2013, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
