IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, <br><br> Plaintiff, <br><br> v. <br><br> RBS SECURITIES, INC., et al., <br><br> Defendants. | Case No. 11-2340-JWL |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union and Western Corporate Federal Credit Union, <br><br> Plaintiff, <br><br> v. <br><br> WACHOVIA CAPITAL MARKETS LLC, <br><br> Defendant. | Case No. 11-2649-JWL |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union and Western Corporate Federal Credit Union, <br><br> Plaintiff, | |

| | | |
|---|---|---|
| v. | ) | Case No. 12-2591-JWL |
| | ) | |
| UBS SECURITIES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, and Southwest Corporate Federal Credit Union, | ) ) ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-2648-JWL |
| | ) | |
| CREDIT SUISSE SECURITIES (USA) LLC, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union and Western Corporate Federal Credit Union, | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-2418-JWL |
| | ) | |
| MORGAN STANLEY & CO. INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **ORDER**

In an order issued on June 16, 2014, the court set a July 1, 2014 deadline for any defendant asserting the defense that NCUA failed to join an indispensable party to disclose to NCUA the identity of any party it contends is indispensable and the reasons for that contention.[1]  The order also set a date by which any motion to dismiss based on a failure to join an indispensable party was to be served and precluded any defendant after that date from asserting as an affirmative defense NCUA's failure to join an indispensable party, unless based on subsequently acquired information.  By letter of July 3, 2014, NCUA advises that no defendant has identified an indispensable party.  Accordingly, it is hereby

ORDERED that any affirmative defense asserted in the above-captioned actions based on NCUA's alleged failure to name parties that may be indispensable is hereby stricken.

IT IS FURTHER ORDERED that a defendant is hereby precluded from asserting as an affirmative defense that NCUA has failed to join an indispensable party unless the defendant can demonstrate that such defense is based on subsequently acquired information, in which case a defendant must promptly advise NCUA accordingly.

Dated July 9, 2014, at Kansas City, Kansas.

    s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[1] As the court has previously noted, this defense was raised originally in District of Kansas Case Nos. 12-2591 and 13-2418 only.