IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATIONAL CREDIT UNION                    )
ADMINISTRATION BOARD,                    )
                                         )
                        Plaintiff,       )
            v.                           )        Case No. 13-2418-JWL
                                         )
MORGAN STANLEY & CO.,                    )
INCORPORATED, et al.,                    )
                                         )
                        Defendants.      )
_____ )

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Entry of Partial Final Judgment or Certification for Interlocutory Appeal (Doc. # 223). For the reasons set forth below, the Court **denies** the motion.

## I.      Background

On December 27, 2013, the Court dismissed as untimely plaintiff's claims against the Morgan Stanley defendants with respect to 20 of the 21 certificates referenced by plaintiff in its complaint. *See NCUAB v. Morgan Stanley & Co.*, 2013 WL 6842596 (D. Kan. Dec. 27, 2013). In making that ruling, the Court reaffirmed and applied various previous rulings in a related case, including its ruling that the applicable limitations period was triggered by plaintiff's appointment as conservator for a credit union and not by its later appointment as liquidator; and its ruling that the limitations period could not

be extended by a tolling agreement. *See id.* at *1 (citing *NCUAB v. Credit Suisse Sec. (USA) LLC*, 939 F. Supp. 2d 1113 (D. Kan. 2013)). With respect to the latter ruling, the Court had held that plaintiff could not alternatively rely on the doctrine of equitable estoppel to avoid dismissal of certain claims as untimely. *See Credit Suisse*, 939 F. Supp. 2d at 1126. The Tenth Circuit subsequently issued its ruling in *NCUAB v. Barclays Capital Inc.*, 785 F.3d 387 (10th Cir. 2015), another related case, and it held that although the limitations period could not be extended by agreement, plaintiff was not precluded from asserting equitable estoppel in that case based on a separate express promise by the defendant not to assert a limitations defense based on the period of time encompassed by the agreement. *See id.*

Plaintiff then sought reconsideration in this case of the Court's ruling concerning equitable estoppel in light of the Tenth Circuit's decision in *Barclays*. On May 27, 2015, the Court denied the motion and reaffirmed its prior dismissal of claims against the Morgan Stanley defendants as untimely. *See NCUAB v. UBS Sec., LLC*, 2015 WL 3407863, at *4-5 (D. Kan. May 27, 2015). In so ruling, the Court relied on the fact that plaintiff's tolling agreement with these defendants did not include the kind of express promise on which the Tenth Circuit relied in *Barclays*. *See id.*

Plaintiff seeks to appeal immediately the Court's rulings in this case concerning equitable estoppel and the use of the trigger date of plaintiff's appointment as conservator. Thus, by the present motion, plaintiff requests that the Court either enter final judgment on the dismissed claims pursuant to Fed. R. Civ. P. 54(b) or certify the

2

relevant orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## II.    Entry of Partial Final Judgment Pursuant to Rule 54(b)

Fed. R. Civ. P. 54(b) provides in relevant part as follows:

> When an action presents more than one claim for relief . . . the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

*See id.* This rule "preserves the historic federal policy against piecemeal appeals—a policy that promotes judicial efficiency, expedites the ultimate termination of an action and relieves appellate courts of the need to repeatedly familiarize themselves with the facts of a case." *See Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (citation and internal quotation omitted).

> Rule 54(b) entries are not to be made routinely.  Indeed, trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships.  Thus, a certification under Rule 54(b) is only appropriate when a district court adheres strictly to the rule's requirement that a court make two express determinations. First, the district court must determine that the order it is certifying is a final order. Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.

*See id.* at 1242 (citations and internal quotations omitted).

> In making these determinations, the district court should act as a "dispatcher" weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal. Factors the district court should consider are whether the claims under review are separable from the others remaining to be adjudicated and

3

whether the nature of the claims already determined are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*See Stockman's Water Co. v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005)

(citations and internal quotations omitted).

The Court first addresses whether its dismissal orders represent final orders for purposes of Rule 54(b).  The parties agree that the Tenth Circuit set forth the governing standard for this inquiry in *Jordan v. Pugh*, 425 F.3d 820 (10th Cir. 2005), in which the court stated as follows:

> For purposes of Rule 54(b), a claim comprises all factually or legally connected elements of a case, but there is no bright-line rule to distinguish multiple claims, which may be appealed separately, from multiple legal grounds in a single claim, which may not.  This distinction is based largely on practical concerns, particularly the question whether a subsequent appeal of the claims before the district court will require the court of appeals to revisit the same issue decided in the first appeal.  As the Seventh Circuit has explained,
>
> > The test for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal.
>
> To determine whether separate appeals will be redundant, courts consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible.

*See id.* at 827 (citations and internal quotations omitted).

Plaintiff argues that the Court's dismissal of claims based on certain certificates

4

should be considered a final order under Rule 54(b).  Plaintiff argues that its claims are based on separate representations and documents for each certificate, and that it seeks a separate recovery for each certificate.  Plaintiff concedes that there may be facts that relate to multiple certificates, but it nonetheless argues that claims may be sufficiently separate despite a common factual predicate.  *See McKibben v. Chubb*, 840 F.2d 1525, 1529 (10th Cir. 1988) (rejecting argument that Rule 54(b) certification was improper despite common factual predicate for claims).  Plaintiff also notes that the issues that it intends to raise on appeal (regarding equitable estoppel and measuring the limitations period from the date of appointment as liquidator) will not arise with respect to the remaining claims based on one certificate.

The Court is not convinced, however, that the dismissed claims are sufficiently distinct for purposes of this rule.  Plaintiff does not dispute that its claims based on the different certificates are related factually, are based on identical legal theories, and involve some of the same alleged misrepresentations and omissions—indeed, plaintiff insists that efficiency is best served by avoiding separate trials for claims based on different certificates.  Thus, although a separate recovery is sought for each certificate, the claims based on different certificates are not entirely distinct.

Moreover, as defendants point out, if plaintiff were permitted to appeal the dismissal of these claims at this time, defendants would be entitled to raise all previously-litigated issues relating to the timeliness of the claims, as well as other bases for dismissal raised in their motion to dismiss—which issues would require the appellate

5

court to examine facts underlying plaintiff's claims. Plaintiff insists that the likelihood is low that defendants would raise other issues or that the Tenth Circuit would consider such issues, but such speculation cannot overcome the fact that a present appeal *could* require the Tenth Circuit to consider issues that apply also to the claims remaining for trial. Plaintiff also insists that the two possible appeals would not involve precisely the same legal issues (based on the same standards of review) because they would occur at different stages in the litigation. Nonetheless, the Tenth Circuit has stressed that the policy of avoiding piecemeal appeals "relieves appellate courts of the need to repeatedly familiarize themselves with the facts of a case," *see Oklahoma Turnpike Auth.*, 259 F.3d at 1241, and a present appeal could create a situation in which the Tenth Circuit would indeed need to familiarize itself with the facts of this case multiple times. Accordingly, the Court is not persuaded that entry of a final judgment under Rule 54(b) would represent the necessary strict adherence to the rule's requirement of a final order.

The Court also does not agree that there is no just reason for delay here, as plaintiff has not identified any "undue hardship" or special circumstance that justifies an immediate appeal. Plaintiff argues that difficulties in obtaining loan files after a successful appeal will increase with the passage of time. Defendants have offered to preserve any such evidence relating to the dismissed claims, however, and plaintiff has not disputed that such preservation relieves any such possible prejudice. Plaintiff's only other argument is that the dismissed claims represent 97 percent of the total recovery sought by plaintiff in this suit, and that an immediate appeal could avoid the necessity

of two trials.  The specter of multiple trials arises whenever there is a partial dismissal, however, and such a possibility therefore does not make this case sufficiently extraordinary to justify an immediate appeal under Rule 54(b).  Plaintiff has not shown that this case presents circumstances sufficient to overcome the policy of avoiding piecemeal appeals.[1]  Accordingly, the Court denies plaintiff's request for entry of final judgment under Rule 54(b).

### III.    Certification for Interlocutory Appeal Pursuant to Section 1292(b)

Plaintiff also seeks certification of the Court's dismissal orders pursuant to 28 U.S.C. § 1292(b), which provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

*See id.*  Upon such certification by the district court, the Court of Appeals may or may not decide to permit the interlocutory appeal in its discretion.  *See id.*  Certification under this section is within the discretion of the district court.  *See Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995).  In deciding whether to exercise its discretion under

---

[1]Moreover, although the Court rejected plaintiff's trigger-date argument in December 2013, plaintiff did not seek certification under Rule 54(b) until June 2015.  It is difficult to accept plaintiff's argument that there is "no just reason for delay" with respect to that issue in the face of an 18-month delay by plaintiff in seeking leave to appeal.

Section 1292(b), the Court is mindful that "there is a long-established policy preference in the federal courts disfavoring piecemeal appeals." *See Conrad v. Phone Directories Co.*, 585 F.3d 1376, 1382 (10th Cir. 2009).

The Court concludes that there is not "substantial ground for difference of opinion" concerning the Court's rulings in this case on equitable estoppel and the trigger date for the limitations period. In this regard, the Court finds instructive the following standards and arguments cited by plaintiff in a related case in *opposing* certification of certain orders by this Court:

> In addition, even where all three of the statutory criteria are met, certification remains entirely within the court's discretion . . . . [T]his is not the "extraordinary case" in which an interlocutory appeal is justified to promote judicial economy . . . .
>
> . . .
>
> Section 1292(b) was not intended merely to provide review of difficult rulings in hard cases. Further, the mere fact that a specific issue has not been previously ruled on, or that the question presented is one of first impression, is not in itself sufficient to establish a substantial ground for difference of opinion.
>
> Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented . . . .
>
> . . . The statutory text requires a *substantial* ground, and a merely colorable argument does not constitute substantial grounds for difference of opinion . . . .
>
> . . . Strong disagreement with the court's ruling is not sufficient for there to be a substantial ground for difference; the proponent of an appeal

8

must make some greater showing . . . .

. . .

. . . [T]he enlargement of the right to appeal should be limited to extraordinary cases . . . .

. . .

. . . Finally, even if [the movants] had shown that the statutory criteria were met here (which they have not), the Court can and should still exercise its discretion to deny certification. The Tenth Circuit has recognized that most interlocutory orders disadvantage or inflict some degree of harm on one of the parties to a litigation, but courts must balance that concern against the need for efficient judicial administration, the delay caused by interlocutory appeals, and the burden on appellate courts imposed by fragmentary and piecemeal review of the district court's myriad rulings in the course of a typical case. Accordingly, it is well established in this Circuit that interlocutory appeals are not favored and should be granted only in exceptional circumstances.

See NCUAB v. RBS Sec., Inc., No. 11-2340 (D. Kan.), Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Certify an Appeal Pursuant to 28 U.S.C. § 1292(b) at 3-5, 4 n.1, 11, 16-17 (Doc. # 122) (citations and internal quotations omitted).[2]

In arguing that there is substantial ground for a difference of opinion concerning the Court's rejection of plaintiff's equitable estoppel theory in this case, plaintiff suggests that, as a general matter, equitable estoppel may be found even in the absence of an express promise. Plaintiff notes that in *Barclays* the Tenth Circuit did not state that

_____

[2]Certainly, plaintiff could reasonably argue that a substantial ground for difference of opinion exists with respect to one ruling but not with respect to another. Plaintiff has made no attempt to explain, however, why certification is more appropriate in this case than in *RBS,* in which plaintiff opposed certification despite the fact that at least one court had reached a different result on the relevant issue.

9

there may not be equitable estoppel in the absence of such a promise. Nevertheless, as this Court explained in its denial of plaintiff's reconsideration motion, the Tenth Circuit emphasized and relied on the distinction between a tolling agreement and a separate promise not to rely on a certain time period. *See NCUAB v. UBS Sec., LLC*, 2015 WL 3407863, at *4. Plaintiff has not identified any contrary authority on this issue,[3] and in light of the specific rationale of the Tenth Circuit in *Barclays*, the Court cannot say that there is a substantial basis to argue that the Tenth Circuit's opinion should be applied in a different manner.

The Court reaches the same conclusion with respect to the issue of the trigger date. The Court previously explained that the plain language of 12 U.S.C. § 1787(b)(14)(B) offers two possible dates for starting the limitations period, one of which is the date of appointment as conservator *or* liquidator, and that plaintiff therefore triggered the limitations period by its appointment as conservator. *See Credit Suisse*, 939 F. Supp. 2d at 1124-25. Plaintiff cites *UMLIC-Nine Corp. v. Lipan Springs Development Corp.*, 168 F.3d 1173 (10th Cir. 1999), in which the Tenth Circuit held that the limitations period under a similar statute could be reset with the beginning of a separate receivership. *See id.* at 1177-79. In that case, however, the Tenth Circuit was not asked

---

[3]Plaintiff argues that in at least two cases, courts allowed equitable estoppel claims to proceed in the face of similar statutory language, but in those cases, the courts did not first invalidate the parties' tolling agreements. Nor were those courts attempting to apply the specific holding of the Tenth Circuit in *Barclays*. Thus, the cases cited by plaintiff do not evidence any split in authority on this issue.

to construe the particular statutory language at issue or to address an appointment as conservator followed by an appointment as liquidator for the same entity.  Thus, the holding of *UMLIC-Nine* does not bear on the issue decided by this Court.

Plaintiff also notes that the Tenth Circuit has interpreted limitations statutes to preserve plaintiff's ability to bring claims to the greatest extent.  The statute must be applied in accordance with its plain terms, however, and plaintiff has not identified any court that has interpreted the statute as plaintiff requests.  Therefore, the Court cannot conclude that there is substantial ground for a difference of opinion on this issue.  Accordingly, the Court denies plaintiff's request for certification under Section 1292(b).


IT IS THEREFORE ORDERED BY THE COURT THAT Plaintiff's Motion for Entry of Partial Final Judgment or Certification for Interlocutory Appeal (Doc. # 223) is hereby **denied**.

IT IS SO ORDERED.

Dated this 21st day of July, 2015, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

11